UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADNI GHAFOORI, | No. 2:24-cv-03306-DJC-SCR |
| Plaintiff, | |
| v. | ORDER |
| OFFICER DUNCAN, et al., | |
| Defendants. | |

Plaintiff is proceeding pro se in this action, which was accordingly referred to the undersigned by operation of Local Rule 302(c)(21). Plaintiff filed a request for leave to proceed in forma pauperis ("IFP") and submitted the affidavit required by that statute. *See* 28 U.S.C. § 1915(a)(1). The motion to proceed IFP is granted. Granting IFP status does not end the court's inquiry, however, as the Court is required by Section 1915(e)(2) to screen the complaint and must dismiss an action if it is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The Court concludes that, for screening purposes only, Plaintiff's claims are sufficiently cognizable and directs service.

////

////

1

# I. SCREENING

## A. Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

## B. The Complaint

Plaintiff's complaint names as defendants four officers from the Turlock Police Department and the City of Turlock. ECF No. 4 at 1. Plaintiff asserts federal question jurisdiction and cites to 42 U.S.C. § 1983. ECF No. 4 at 3. Plaintiff alleges violation of the First, Fourth, and Fourteenth Amendments and contends he was subjected to unlawful detention, excessive force, and the destruction of property without due process. *Id.* at 3-4. Plaintiff alleges the date the events occurred, February 22, 2023, and states that he attempted to record "from a safe distance" an interaction that a friend of his was having with law enforcement. *Id.* Plaintiff alleges Officer Duncan escalated the situation, made a false statement that Plaintiff had pepper spray, which ultimately resulted in Plaintiff being unlawfully detained by force and his phone being broken. Plaintiff appears to assert four claims under § 1983 and two state law claims. *Id.* at 5-6.

## C. Analysis

Plaintiff's complaint (ECF No. 4) asserts a jurisdictional basis, contains a statement of his claim, and a request for relief. It appears the gist of Plaintiff's complaint is that he was allegedly unlawfully detained and subjected to excessive force because he tried to record an interaction with law enforcement. The Ninth Circuit has stated: "The First Amendment protects the right to

photograph and record matters of public interest . . . This includes the right to record law enforcement officers engaged in the exercise of their official duties in public places." *Askins v. Dep't of Homeland Security*, 899 F.3d 1035, 1044 (9th Cir. 2018).  Accordingly, for screening purposes only, the Court concludes that Plaintiff's claims are sufficiently cognizable and directs service.

## II.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Service of the Complaint (ECF No. 4) is appropriate for the following Defendants: Officer Duncan, Officer Ayala, Officer Jimenez, Sergeant Argueta, and the City of Turlock.
3. The Clerk of the Court is directed to issue forthwith, and, pursuant to Federal Rule of Civil Procedure 4(c)(3), the U.S. Marshal is directed to serve within ninety days of the date of this order, all process pursuant to Federal Rule of Civil Procedure 4, without prepayment of costs.
4. The Clerk of the Court shall send Plaintiff the above: one USM-285, one summons, a copy of the complaint, and an appropriate form for consent to trial by a magistrate judge.
5. Plaintiff is directed to supply the U.S. Marshal, **within 15 days** from the date this order is filed, all information needed by the Marshal to effect service of process, <u>and shall promptly file a statement with the court that said documents have been submitted to the United States Marshal</u>.  The court anticipates that, to effect service, the U.S. Marshal will require, for each defendant in ¶ 2, above, at least:
   a. One completed summons;
   b. One completed USM-285 form;
   c. One copy of the endorsed filed complaint, with an extra copy for the U.S. Marshal;
   d. One copy of the instant order; and
   e. An appropriate form for consent to trial by a magistrate judge.

3

6. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service on the Defendants within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

7. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.

8. Plaintiff's failure to comply with this order may result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

DATED: January 10, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE