UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADNI GHAFOORI,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER DUNCAN, et al.,<br><br>Defendants. | No. 2:24-cv-03306-DJC-SCR<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Before the Court is Plaintiff's motion for leave to amend (ECF No. 26) and First Amended Complaint ("FAC") (ECF No. 27). The motion is unopposed and will be granted. However, as Plaintiff is proceeding in forma pauperis, the Court must also screen the FAC. *See* 28 U.S.C. § 1915(e). The Court finds the action may proceed on Counts I, III, IV, and IX. However, the Court recommends Counts II, V, VI, VII, and VIII be dismissed without further leave to amend, that Defendants City of Turlock, Turlock Police Department, and Police Chief Hedden be dismissed except as to Count IX, a Bane Act claim for which respondeat superior liability is available, and that Defendant unnamed internal investigations officer be dismissed.

////

////

1

# I. SCREENING

## A. Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson*, 551 U.S. at 94. However, the court need not accept as true legal conclusions, even if cast as factual allegations. *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

### B. The FAC

Plaintiff's FAC names three additional defendants: 1) Turlock Police Department; 2) Jason Hedden, Chief of Police, and 3) an unnamed internal investigations officer. ECF No. 27 at ¶¶ 6-8. Plaintiff also names the Defendants that were included in the original complaint: four officers from the Turlock Police Department and the City of Turlock. ECF No. 27 at ¶¶ 12-16. Plaintiff asserts federal question jurisdiction and cites to 42 U.S.C. § 1983. The FAC's factual allegations concern the events of February 22, 2023, which the Court has previously found were sufficient to pass screening. ECF No. 5. However, the FAC contains additional causes of action, and now asserts nine in total:

1) "First Amendment: Unlawful Prior Restraint and Interference with Recording and Verbal Criticism" – Plaintiff alleges "Defendants" collectively engaged in First Amendment retaliation;

2) "First Amendment: Systemic Suppression of Evidence and Public Access" – Plaintiff alleges Defendants had a "practice" of "intentional muting of body-worn cameras during critical interactions" which violates the First Amendment;

3) "Fourth Amendment: Unlawful Arrest, Excessive Force, and Unlawful Seizure" – Plaintiff claims he was arrested without probable cause and that excessive force was used;

4) "Fourth Amendment: Malicious Prosecution" – Plaintiff alleges Defendants initiated and maintained criminal charges against Plaintiff without probable cause, and that the

  proceeding terminated in Plaintiff's favor when the charges were dismissed;

5) "Violation of California Penal Code § 148(g)" – Plaintiff claims Defendants violated this statute "which further establishes the unlawfulness" of the arrest;

6) "Fourteenth Amendment: Denial of Equal Protection and Due Process" – Plaintiff alleges Defendants engaged in discriminatory enforcement, failed to adequately investigate, and failed to adhere to police department policies;

7) "Perjury and Obstruction of Justice" – Plaintiff alleges Officer Duncan committed perjury by claiming in an official report that Plaintiff possessed pepper spray;

8) "Vicarious Liability of the City of Turlock" – Plaintiff alleges that the City is liable for the tortious acts of its employees;

9) "Violation of the Tom Bane Civil Rights Act" – Plaintiff alleges that Defendants engaged in physical and excessive force, coupled with threats, to coerce and intimidate Plaintiff and interfere with the exercise of his constitutional rights.

### C. Analysis

The gist of Plaintiff's FAC remains the same as the original complaint: that he was unlawfully detained and subjected to excessive force because he tried to record an interaction with law enforcement. As the Court previously found (ECF No. 4), this alleged conduct states a cognizable claim under the First Amendment. "The First Amendment protects the right to photograph and record matters of public interest . . . This includes the right to record law enforcement officers engaged in the exercise of their official duties in public places." *Askins v. Dep't of Homeland Security*, 899 F.3d 1035, 1044 (9th Cir. 2018).

However, in the FAC, Plaintiff seeks to add three new Defendants and several more claims. The Court will first examine the specific claims and then address the pleading problems with respect to certain Defendants.

#### 1. Claims

As to Count I alleging violation of the First Amendment, the Court allowed a First Amendment claim to proceed beyond screening in the original complaint, and Defendants Answered. Count I passes screening under 28 U.S.C. § 1915(e).

4

As to Count II, Plaintiff alleges that "intentional muting of body-worn cameras" by officers violates his First Amendment rights by "impeding transparency and accountability." On this Count, Plaintiff fails to state a claim. Plaintiff has not alleged how not recording interactions violated his constitutional rights. *See United States v. Shelton*, 2025 WL 2524103, *2 (D. Nev. July 16, 2025) ("The police do not have a constitutional duty to use any particular investigatory tool, such as a body worn camera, to collect evidence."); *Griffin v. Asla*, 2022 WL 4237275, *11 (D. Or. Sept. 14, 2022) ("Nor does Plaintiff show that turning off audio to body-worn cameras during the searches violated his constitutional rights."). The Court acknowledges a law enforcement agency's failure to record encounters could give rise to First Amendment right-to-petition or due process concerns in certain circumstances—for example, where it meaningfully impedes an individual's ability to seek redress for alleged violation of rights—but such circumstances are not present in this case. Plaintiff fails to state a claim in Count II.

On Count III, alleging violation of the Fourth Amendment, the Court already determined in its prior screening order Plaintiff's allegation of unlawful detention passed screening. Count III passes screening under 28 U.S.C. § 1915(e).

In Count IV, Plaintiff alleges the criminal prosecution against him was initiated and maintained without probable cause, and that it terminated in his favor when the charges were dismissed "in the interest of justice." ECF No. 27 at 7. A malicious prosecution claim is cognizable under § 1983. *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004). Such claims "are not limited to suits against prosecutors but may be brought . . . against other persons who have wrongfully caused the charges to be filed." *Id.* (citation omitted). A dismissal in the interest of justice, may satisfy the favorable termination requirement. *Id.* at 1068. Count IV passes screening under 28 U.S.C. § 1915(e).

In Count V, Plaintiff alleges that Defendants violated California Penal Code Section 148(g). That section provides: "The fact that a person takes a photograph or makes an audio or video recording of a public officer or peace officer, while the officer is in a public place or the person taking the photograph or making the recording is in a place he or she has the right to be, does not constitute, in and of itself, a violation of subdivision (a), nor does it constitute reasonable

5

1  suspicion to detain the person or probable cause to arrest the person." The existence of this
2  statute may be relevant to Plaintiff's other claims. *See e.g., Albanese v. City of Oroville*, 2022
3  WL 7093373, *4 (E.D. Cal. Oct. 12, 2022) ("Because Section 148(g) prohibits a probable cause
4  finding in this circumstance, an objectively reasonable officer would know he could not arrest
5  plaintiff for interference."). However, it does not create an independent claim. *See Albanese v.
6  City of Anaheim*, 2020 WL 6265131, *6 (C.D. Cal. Sept. 9, 2020) ("[N]othing in the language of
7  Cal. Penal Code § 148(g) violation [sic] implies a private right of action."); *see also Thymes v.
8  Prime, Inc.*, 2019 WL 13026773, at *4 (C.D. Cal. June 4, 2019) ("The Supreme Court has 'rarely
9  implied a private right of action under a criminal statute'" citing *Chrysler Corp. v. Brown*, 441
10 U.S. 281, 316 (1979)). Plaintiff fails to state a claim in Count V.

11        In Count VI, Plaintiff asserts a violation of equal protection and due process. Plaintiff
12 makes the conclusory assertion that there was "discriminatory enforcement" of the law. ECF No.
13 27 at ¶ 40. Plaintiff further alleges Defendants failed to investigate his claims of misconduct and
14 failed to adhere to their policies. These allegations fail to state a claim. His allegation of
15 discriminatory enforcement is conclusory and he does not allege he was treated differently on the
16 basis of any protected status. The factual basis of the failure to investigate claim is uncertain.
17 Further the Due Process clause "is a limitation on state action rather than a guarantee of minimum
18 levels of state protections," therefore a state actor's failure to act, without more, generally will not
19 give rise to a substantive due process claim. *Murguia v. Langdon*, 61 F.4th 1096, 1106 (9th Cir.
20 2023). Plaintiff fails to state a claim in Count VI.

21        Count VII is asserted against only Officer Duncan and alleges he committed perjury. ECF
22 No. 27 at ¶¶ 42-44. "[T]here is no civil cause of action for perjury under California law." *Meier
23 v. Shinseki*, 626 F.App'x 706, 708-09 (9th Cir. 2015), citing *Temple Cmty. Hosp. v. Superior
24 Court,* 20 Cal.4th 464, 472–73, 84 Cal.Rptr.2d 852, 976 P.2d 223 (1999). Plaintiff fails to state a
25 claim in Count VII.

26        Count VIII asserts the vicarious liability of the City of Turlock ("City") for the actions of
27 its officers. Plaintiff cannot recover on his section 1983 claims against the City based on a theory
28 of vicarious liability. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (vicarious liability is

6

inapplicable to § 1983 suits); *see also Benavidez v. County of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021) ("[A] municipality cannot be held liable solely because it employs a tortfeasor— or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory."). Plaintiff would need to allege and establish that the City maintained a custom, policy, or practice that was the moving force behind his Constitutional injury. *Vanegas v. City of Pasadena*, 46 F.4th 1159, 1167 (9th Cir. 2022) ("Known as *Monell* liability, a plaintiff must . . . establish that 'the local government had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation they suffered.'"). However, unlike with claims under § 1983, a defendant may be liable under the doctrine of respondeat superior for a Bane Act claim. *See Cravotta v. County of Sacramento*, 717 F.Supp.3d 941, 966 (E.D. Cal. 2024) ("Courts have held that Bane Act claims may be maintained against municipalities based on vicarious liability[.]"), citing *Cameron v. Craig*, 713 F.3d 1012, 1023 (9th Cir. 2013) and Cal. Gov. Code 815.2(a). Thus, the City, the Turlock Police Department, and Hedden may be vicariously liable for violation of the Bane Act, but Count VIII is still not a separate claim, but rather a theory of liability. Plaintiff fails to state a claim in Count VIII.

Finally, in Count IX, Plaintiff alleges violation of California's Tom Bane Civil Rights Act. California's Bane Act provides a right of action "[i]f a person or persons, whether or not acting under color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state...." *Bender v. County of Los Angeles*, 217 Cal.App.4th 968, 976-77 (Cal. Ct. App. 2013) *citing* Cal. Civ. Code § 52.1. The Bane Act provides a cause of action for violations of a plaintiff's state or federal civil rights committed by threats, intimidation, or coercion. *Gomez v. City of Vacaville*, 483 F.Supp.3d 850, 870 (E.D. Cal. 2020). A plaintiff in a search-and-seizure case must allege threats or coercion beyond the coercion inherent in a detention or search in order to recover under the Bane Act. *Lyall v. City of Los Angeles*, 807 F.3d 1178, 1196 (9th Cir. 2015). An allegation of excessive force may satisfy the coercion requirement. *Bender v. County of Los Angeles*, 217 Cal.App.4th 968 (Cal. Ct. App.

7

2013) ("Where, as here, an arrest is unlawful and excessive force is applied in making the arrest, there has been coercion independent from the coercion inherent in the wrongful detention itself— a violation of the Bane Act.") (internal quotation and citation omitted). The Court finds Plaintiff states a claim in Count IX.

### 2. New Individual Defendants

Except as to his Bane Act claim, under which respondeat superior principles apply, Plaintiff fails to state a claim against Hedden, the Chief of Police. Hedden is listed as the Chief of Police in the caption, and the Chief of Police is mentioned as a defendant in Paragraph 7. But there are no specific allegations about Hedden's actions or omissions. Plaintiff similarly fails to state a claim against the unnamed internal investigations officer who is mentioned in Paragraph 8, due to the absence of specific factual allegations. Plaintiff makes only the conclusory assertion that this unnamed individual "may have been involved in the obstruction of justice and withholding of exculpatory evidence." ECF No. 27 at ¶ 8.

### 3. Municipal Liability and New Municipal Defendant

As to the Turlock Police Department, to the extent Plaintiff seeks to hold liable a local governmental unit under § 1983, he would need to satisfy the pleading requirements under the standard set forth in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). In order to establish liability under *Monell*, "a plaintiff must ... establish that the local government had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation they suffered." *Vanegas v. City of Pasadena*, 46 F.4th 1159, 1167 (9th Cir. 2022). Plaintiff does not sufficiently allege that the Turlock Police Department had a policy, custom, or practice that was the moving force behind the alleged First Amendment violation he suffered. Plaintiff's only allegation that goes toward a custom or practice is the suggestion that officers were intentionally muting their body-worn cameras. *See for example* ECF No. 27 at ¶ 32. However, Plaintiff's factual allegations are that Officer Duncan confronted Plaintiff for recording on his cell phone, arrested him, and seized his phone. The alleged fact that another officer may have muted his body-camera while this interaction between Plaintiff and Duncan occurred did not cause Officer Duncan's actions. Plaintiff has failed to state a *Monell* cause of action against the

1  Turlock Police Department or the City of Turlock.  Accordingly, these entities are potentially
2  liable only as to Plaintiff's Bane Act claim.

## II.  CONCLUSION

Plaintiff has attempted to add three new Defendants to the FAC, but the Court concludes Plaintiff fails to state a claim against the Chief of Police Jason Hedden and an unnamed internal investigations officer and against the Turlock Police Department and the City of Turlock, except as to Count IX (violation of the Bane Act).  The Court further finds that Plaintiff has stated a claim in Count I (First Amendment), Count III (Fourth Amendment), Count IV (malicious prosecution), and Count IX (violation of the Bane Act).  The Court recommends that the remaining five counts be dismissed without further leave to amend.  In March and April of 2025, Plaintiff filed several motions for leave to amend that were procedurally defective.  *See* Order at ECF No. 23.  On April 22, 2025, the Court issued an order advising of those deficiencies and directing Plaintiff to resubmit the motion.  ECF No. 23.  As of May 13, 2025, Plaintiff had not done so, and the Court issued another order directing that the motion be filed within 14 days.  ECF No. 25.  Plaintiff did not timely comply, but instead filed the motion on June 4, 2025.

Given the numerous prior attempts at amendment in this action, and the delay it has caused, the Court concludes that further leave to amend would be futile.  *See Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("when a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad").  Allowing further amendment would cause undue delay.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for leave to amend (ECF No. 26) is GRANTED.
2. Plaintiff's FAC (ECF No. 27) is now the operative complaint.  Defendants shall file an answer or other responsive pleading addressing the following counts within 14 days: Count I (First Amendment), Count III (Fourth Amendment), Count IV (malicious prosecution), and Count IX (violation of the Bane Act).

**Additionally, IT IS HEREBY RECOMMENDED** that:

1. Counts II, V, VI, VII, and VII of Plaintiff's First Amended Complaint be dismissed

without further leave to amend.

2. Defendants City of Turlock, Turlock Police Department, and Police Chief Hedden be dismissed except as to Count IX.

3. Defendant unnamed internal investigations officer be dismissed from the case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within fourteen days after being served** with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

SO ORDERED.

DATED: November 18, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE