UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADNI GHAFOORI,<br><br>            Plaintiff,<br><br>     v.<br><br>OFFICER DUNCAN, et al.,<br><br>            Defendants. | No. 2:24-cv-03306-DJC-SCR<br><br>ORDER |

Plaintiff is proceeding pro se in this action, which is referred to the undersigned by operation of Local Rule 302(c)(21). Plaintiff has filed several motions that remain pending: 1) a motion to compel (ECF No. 30); 2) a motion to extend deadlines (ECF No. 32); 3) a motion for protective order (ECF No. 33); 4) a request for production of expert materials (ECF No. 45); 5) a motion to e-file (ECF No. 50); and 6) a motion to disqualify the magistrate judge (ECF No. 57).[1] The Court held a hearing on three of these motions on November 20, 2025. Through this Order, the Court adjudicates those pending motions, and will extend the discovery period to allow the parties to address certain outstanding issues.

---

[1] Plaintiff has also filed a motion for reconsideration of one of the undersigned's procedural orders which, as noted below, is directed to the District Judge. ECF No. 52.

1

I.  **Background and Procedural History**

Plaintiff filed this action on November 27, 2024, along with a request to proceed in forma pauperis. ECF Nos. 1 & 2. On January 10, 2025, the Court issued an order granting IFP and directing service of the complaint. ECF No. 5. Defendants filed an answer and the Court held a scheduling conference on April 3, 2025. ECF No. 18. The Court then issued a Scheduling Order which provided, in relevant part, that all non-expert discovery was to be concluded by October 3, 2025, and that any motion to compel must be set for hearing no later than September 18, 2025. ECF No. 20 at 2.

Plaintiff filed a motion to compel (ECF No. 30) on October 3, 2025, the deadline for the completion of fact discovery. On October 14, 2025, Plaintiff filed a motion to extend deadlines and a motion for protective order. ECF Nos. 32 & 33. The Court set those motions for hearing on November 13, 2025. Defendants then filed a request to continue the hearing. ECF No. 38. Defendants stated that the parties had successfully met and conferred and were "very close to finalizing a stipulation that would obviate the need" for the upcoming hearing. *Id.* at 1. Defendants stated the stipulation would seek to modify the scheduling order and take off calendar the pending motions. *Id.* at 1-2. The Court continued the hearing to November 20, 2025, but the dispute did not resolve.

Defendants filed an Opposition (ECF No. 40) to the then-pending motions. The Opposition explained that the parties had met and conferred and that Plaintiff had agreed to take his pending motions off calendar, but then Plaintiff refused to sign a stipulation that would have captured such agreement. ECF No. 40 at 3. The parties ultimately apparently disagreed over how long discovery should be extended and what discovery should be allowed. *Id.* at 4-5. Defense counsel stated that "Plaintiff called Defense counsel to announce he would not sign the Stipulation unless it categorically forbade Defendants from taking his deposition." *Id.* at 4.

Plaintiff then filed a reply brief, which improperly included over 80 pages of exhibits. The undersigned's Civil Standing Order provides for a ten-page limit for reply briefs. *See also Pena v. Taylor Farms, Inc.*, 305 F.R.D. 197, 206 (E.D. Cal. Feb. 10, 2015) (disregarding "several additional declarations" filed with the reply briefing because "[i]t is generally improper for a

2

1 moving party to introduce new facts or different legal arguments in a reply brief"); *Branson v.*
2 *Berryhill*, 2017 WL 1179160 (E.D. Cal. Mar. 30, 2017) ("The Reply brief is not the proper place
3 to raise brand new arguments.").

4 **II.    Analysis**

5 The Court will now address the pending motions, beginning with the motion to extend
6 deadlines, which acknowledges that the motion to compel was untimely.

7 **A. Motion to Extend Deadlines**

8 Plaintiff's motion to extend deadlines seeks to extend the deadline for motions to compel
9 just long enough to deem his motion timely filed. ECF No. 32-1. Plaintiff also suggests
10 reopening discovery for 60 days for "narrowly-tailored follow-up" that is sought in his motion to
11 compel. *Id*. Plaintiff requests that Defendants not be allowed to take his deposition until 14 days
12 after Defendants supplement discovery. *Id*.

13 Under Rule 16, a court's scheduling order "controls the subsequent course of the action"
14 unless modified, and modification prior to the final pretrial conference requires a showing of
15 good cause. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). Rule
16 16(b)'s good cause standard "primarily considers the diligence of the party seeking the
17 amendment." *Id.* at 609. Although the "existence or degree of prejudice to the party opposing
18 the modification" may be considered, the focus of the inquiry is on the moving party's reasons for
19 seeking modification of the schedule. *Id.* "If that party was not diligent, the inquiry should end."
20 *Id.*

21 Here, Plaintiff states he met and conferred with Defendants in July 2025, and that as of
22 August 14, 2025, Defendants largely maintained their objections. Dec. of R. Ghafoori, ECF No.
23 32 at 5. Thus, Plaintiff was aware of the potential need to file a motion to compel at that time.
24 Plaintiff appears to claim that suffering a fractured nose on July 23, 2025 prevented him from
25 meeting the deadline. *Id*. This injury, occurring over two months prior to the close of discovery,
26 would not, on its own, establish good cause for missing the filing deadline. Plaintiff could have
27 filed a motion for extension of time prior to the deadline expiring.

28

3

However, the Court has considered the course of this matter and Plaintiff's declaration (ECF No. 32 at 5-6) and finds that Plaintiff has been proceeding diligently. Therefore, the Court will consider the motion to compel, even though it was untimely, and will consider Plaintiff's request to reopen discovery. Defendants do not oppose reopening discovery in light of the Court's recent screening of the First Amended Complaint ("FAC") and inclusion of a malicious prosecution claim. Defense counsel at oral argument suggested another six months for discovery. Plaintiff's proposed order suggests a reopening of 60 days, for the seemingly limited purpose of only allowing him to conduct discovery. ECF No. 32-1.

The Court will GRANT IN PART the motion for extension. The Court will deem the motion to compel timely filed and will reopen discovery for a period of time (between the two months suggested by Plaintiff and the six suggested by Defendants), and will reset the remaining pretrial dates as set forth herein.

**B. Motion to Compel**

Plaintiff's motion was untimely, but as noted above, the Court will consider it. The motion attaches over 100 pages of exhibits, some of which are of little, if any, relevance to the instant discovery dispute. For example, Plaintiff attaches Public Records Act (PRA) request letters that were made in 2023, before this lawsuit was filed. PRA requests are not the same as discovery requests under the Federal Rules of Civil Procedure. At the hearing, it became clear that only one set of requests for production (RFP) had been served by Plaintiff. Defendants' responses to that RFP are attached at ECF No. 30 pages 40 to 55. The RFP contains 18 requests. The Motion to Compel does not clearly identify which of these requests remain at issue.

Some specific requests were discussed at the hearing, such as Plaintiff's request for attorney billing records,[2] requests about settlement and legal analysis/risk assessment (RFP 17 & 18), and communications related to the ethnicity of Officer Duncan and how that may have impacted legal strategy (RFP 14). Defendants stated they would object or assert privilege as to

---

[2] This request does not appear to be covered by the RFP, but it is mentioned in the motion to compel and was discussed at the hearing.

1   those requests.  Defendants otherwise stated they had no objection to supplementing their

2   production of any materials not privileged.  Defendants also indicated that Plaintiff was seeking

3   some materials that were not covered by his initial RFP and that they would entertain a second or

4   supplemental set of RFP if served by Plaintiff.

5         Plaintiff, through the pending motions, also seeks a privilege log.  ECF No. 30 at 5.

6   Federal Rule of Civil Procedure 26(b)(5) provides that where otherwise discoverable information

7   is withheld on the basis of privilege, the party resisting production must expressly make the claim

8   and "describe the nature of the documents, communications, or tangible things not produced or

9   disclosed."  The Court expects the parties to follow the Rules, and thus if documents are being

10  withheld on the basis of privilege, Defendants must comply with Rule 26(b)(5).

11        Plaintiff also argues in his motion that Defendants "dumped 1,015 pages of largely

12  irrelevant PRA items (e.g., water-quality and tax lien materials) to bury the record."  ECF No. 30

13  at 2.  However, in Request No. 5, Plaintiff requested "all internal communications regarding my

14  prior PRA requests" and Request No. 6 was entitled a "Comprehensive History of My Public

15  Records Act Requests."  ECF No. 30 at 44-45.  It thus appears that Plaintiff's requests in this

16  regard may have been broad, and thus the response was similarly broad.

17        Because discovery is being reopened, and Defendants have agreed to supplement their

18  responses to Plaintiff's RFP and meet and confer concerning additional requests, the Court will

19  DENY the motion to compel without prejudice.

20        **C.  Motion for Protective Order**

21        Plaintiff's motion seeks to prevent his own deposition.  Plaintiff cites no caselaw

22  supporting his position, but rather cites to Federal Rules of Civil Procedure 26(c) and 30(d)(3).

23  ECF No. 33 at 1.  However, neither rule supports granting the relief sought.  Rule 26(c) governs

24  protective orders generally, but does not contemplate a plaintiff entirely precluding their own

25  deposition.  Rule 30(d)(3) permits a motion to terminate or limit a deposition "during a

26  deposition," but it does not support refusal to appear for deposition.  Rule 30(d)(3) provides in

27  part: "At any time during a deposition, the deponent or a party may move to terminate or limit it

28  on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys,

1  embarrasses, or oppresses the deponent or party." Even if Rule 30(d)(3) were read to allow for
2  preemptive termination of a deposition, Plaintiff has set forth no facts that would support such
3  termination.

4  Plaintiff asserts that his deposition was noticed prior to him receiving fully satisfactory
5  responses to written discovery. Plaintiff's dissatisfaction with discovery responses is not grounds
6  for avoiding his deposition. *See e.g., Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point*
7  *Events, LP*, 256 F.R.D. 678, 680 (C.D. Cal. 2009) ("discovery is not conducted on a 'tit-for-tat'
8  basis"); *Lumbermens Mut. Casualty Ins. Co. v. Maffei*, 2006 WL 2709835, * 5 n. 21 (D. Alaska
9  Sept. 20, 2006) ("The rules do not authorize one party to withhold discoverable material in
10 retaliation for the opposing party's withholding of discoverable material."); *Fresenius Med. Care*
11 *Holding Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 653 (N.D. Cal. 2004) ("A party may not excuse
12 its failure to comply with discovery obligations by claiming that its opposing party is similarly
13 delinquent. Nor may a party condition its compliance with its discovery obligations on receiving
14 discovery from its opponent.").

15 Depositions are governed by Rule 30, and a party may take a deposition upon "reasonable
16 written notice to every other party." Fed. R. Civ. P. 30(b)(1). At oral argument, Plaintiff
17 appeared to take issue with the fact that Defendants had at one point identified August 29, 2025
18 as a potential deadline for the taking of Plaintiff's deposition. According to defense counsel, this
19 was a date anticipated in the Status Report, but the notice of deposition was actually for October
20 3, 2025. The Status Report stated that "Plaintiff's deposition **should** be completed by August 29,
21 2025." ECF No. 14 at 2 (emphasis added). Plaintiff appears to believe this created a deadline for
22 his deposition, but it did not. *See* Plaintiff's Motion for Reconsideration, ECF 52 at 5 (referring
23 to August 29, 2025, as a "missed deposition deadline"). The deadlines for completion of
24 discovery were set by the Court's Scheduling Order (ECF No. 20), not by a party's statement in a
25 status report.

26 The parties should endeavor to find a mutually agreeable date and time for Plaintiff's
27 deposition, and if agreement cannot be reached, Defendants shall give at least 21 days advance
28 notice of the date in the Notice setting the deposition. Plaintiff is cautioned that the failure to

appear for a properly noticed deposition may result in the imposition of sanctions. *See* Fed. R. Civ. P. 37(d). Plaintiff's motion for protective order, which seeks to preclude his deposition or delay it until he deems other discovery is "substantially complete" is DENIED.

### D. Request for Production of Expert Materials

On the day of the hearing on the aforementioned motions, Plaintiff filed a "Rule 37 Request for Production of Expert Materials." ECF No. 45. Plaintiff appears to contend that Defendants have identified an expert, John P. McGinness, and Plaintiff wants "materials relied upon, reviewed, considered, or generated by Mr. McGinness." ECF No. 45 at 2. Plaintiff cites to Rule 26(a)(2)(B) and Rule 37(c)(1). *Id.* Plaintiff then includes eleven "requests" for various documents. To the extent this is a discovery request, it need not be filed and is not a motion for the Court to consider. *See* LR 250.3(c) (stating requests for production "shall not be filed unless and until there is a proceeding in which the request . . . is at issue").

To the extent this is intended to be a motion to compel or motion for sanctions, it does not comply with Local Rule 251. There is no indication that Plaintiff attempted to meet and confer with defense counsel concerning his request for documents pertaining to the expert. It also appears from Plaintiff's filing that Defendants did produce an expert report. ECF No. 45 at 1. The Clerk is directed to TERMINATE ECF No. 45 as a pending motion. If Plaintiff believes the report provided by Defendants does not comply with Rule 26, then the parties are encouraged to meet and confer.

### E. Motion to E-File

Plaintiff, who resides in Turlock, requests permission to e-file. Plaintiff states he "must travel long distances" to file documents with the Court. Plaintiff also notes that if he is given permission to e-file, he will promptly receive notice of filings in his case. While the Court understands Plaintiff's interest in e-filing, he is welcome to mail filings to the Court as opposed to personally travelling to Court to deliver them. There have been no emergency filings or short deadlines in this case and there is no reason to believe that such emergencies or short deadlines will occur in the future. There is accordingly no reason to deviate from the default Local Rule concerning pro se litigants and e-filing. See LR 133(b)(2). However, the undersigned will order

the Clerk of the Court to configure ECF so that Plaintiff receives email notifications of electronic filings at the email address indicated in his motion. ECF No. 50 at 2.

### F. Motion to Disqualify

Plaintiff also filed a motion to disqualify the undersigned. ECF No. 57. Plaintiff moves under 28 U.S.C. § 455(a), 28 U.S.C. § 455(b)(1), and 28 U.S.C. § 144. Section 144 provides for disqualification "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice ... against him or in favor of any adverse party....". Section 455(b)(1) provides that a judge shall disqualify himself "[w]here he has a personal bias or prejudice concerning a party...." Sections 144 and 455(b)(1) are construed in the same manner. *See Apple v. Jewish Hosp. and Medical Center*, 829 F.2d 326, 333 (2d Cir.1987). Section 455(a) is broader than the above sections, requiring a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned."

Plaintiff claims the following facts and circumstances demonstrate the undersigned's partiality and bias: (1) a purportedly "shortened" response time for Plaintiff to file objections to the Findings & Recommendations (ECF No. 42); (2) "disparate" treatment of the parties when it comes to ruling on deadlines; (3) the Court's treatment of the parties' discovery disputes; and (4) supposed "favoritism" towards Defendants and "disparagement" towards Plaintiff. ECF No. 57 at 3. These positions are unfounded or simply involve complaints about the Court ruling in a particular way on a particular issue.

The undersigned did not "shorten" Plaintiff's response time to file objections. Rather, as a courtesy, at the hearing that occurred a day after the Findings & Recommendations were filed, the undersigned asked the courtroom deputy to print a copy of those Findings & Recommendations and give them to Plaintiff. The undersigned never modified the full 14 days for filing objections, which also would have been extended three additional days as provided by Federal Rule of Civil Procedure 6(d) for service by mail.

As far as supposed disparate treatment on deadlines, Plaintiff complains that the undersigned ruled quickly on Defendants' extension of time to respond to the FAC while not

8

ruling on Plaintiff's subsequent "objections" to that ruling. However, Plaintiff framed his objections as a request for District Judge reconsideration. *See* II.G, below. Accordingly, reconsideration of the extension of time is not before the undersigned. There is no substance to this argument.

Plaintiff next complains about the way the Court heard the discovery disputes that are fully addressed in this Order. Plaintiff claims the Court "dismissed" his "efforts 'as playing games.'" ECF No. 57 at 3. But that incorrect. Rather, at one point in the hearing on November 20, 2025, the undersigned characterized Plaintiff as "[t]rying to play a sort of zero-sum game" with the discovery process. That was a fair characterization. Plaintiffs' own exhibits demonstrated that he shifted positions during the meet-and-confer process in October 2025, moving from a reasonable compromise that would have resolved the disputes to a position where Defendants would have to make supplemental disclosures to him, but they would never be able to depose him. ECF No. 41 at 55-72. Plaintiff cannot claim judicial bias—especially by misquoting the undersigned[3]—where the undersigned did nothing more than register that such tactics are improper.

The actual facts and circumstances demonstrate no bias and no risk that a reasonable person would believe the undersigned to be biased. "Section 455(a) asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." *Clemens v. U.S. Dist. Ct. for the Central Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005) (citation and quotation omitted). To the extent Plaintiff complains about the undersigned's rulings, that is no basis for disqualification, absent other disqualifying circumstances. Pursuant to § 455(a), a court applies "the general rule that questions about a judge's impartiality must stem from 'extrajudicial' factors, that is, sources other than the judicial proceeding at hand." *Clemens*, 428 F.3d 1175 at 1178 (internal citations omitted). One factor which does not normally require recusal is an adverse prior ruling in the instant proceeding or another proceeding. *Id.* at 1178-79,

---

[3] In misquoting the undersigned, Plaintiff purports to cite to a transcript of the hearing, but a review of the docket sheet does not reflect that a transcript was requested or prepared.

citing *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995); *see also United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("a judge's prior adverse ruling is not sufficient cause for recusal."). Nor is there any reasonable basis to argue that the undersigned appears to be biased against Plaintiff. Plaintiff's motion for disqualification is DENIED.

### G. Plaintiff's Motion for Reconsideration is Addressed to the Wrong Judge

Plaintiff also seeks reconsideration by the District Judge of the undersigned's minute order granting Defendants an extension of time to respond to the FAC. ECF Nos. 51-53. However, the undersigned notes that Plaintiff addressed this motion to District Judge Coggins, who is not assigned to this action. In an abundance of caution, and to ensure Plaintiff's reconsideration rights are protected, the undersigned will direct the Clerk of the Court to refer Plaintiff's motion for reconsideration to District Judge Calabretta. *See* LR 303(e) ("The request shall be referred to the assigned Judge automatically by the Clerk, promptly following the date for filing opposition, without the necessity of a specific motion for such reference by the parties. Unless otherwise ordered, requests in criminal actions shall be calendared and heard at the trial confirmation.").

### III. Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED**:

1) Plaintiff's motion to compel (ECF No. 30) is DENIED without prejudice.
2) Plaintiff's motion for protective order (ECF No. 33) is DENIED. Defendants may take Plaintiff's deposition in the time set herein for fact discovery. The parties should seek a mutually agreeable date, and if one cannot be reached Defendants shall give 21 days notice.
3) Plaintiff's motion to extend deadlines is GRANTED IN PART and DENIED IN PART (ECF No. 32) as set forth herein.
4) The Clerk shall TERMINATE as a pending motion Plaintiff's request for production (ECF No. 45) which was improperly filed as a motion.

5) Plaintiff's motion to e-file (ECF No. 50) is DENIED.  However, the Clerk of the Court shall configure ECF so that Plaintiff receives ECF notifications in this case at his e-mail address.

6) Plaintiff's motion for recusal of the magistrate judge (ECF No. 57) is DENIED.

7) The Clerk of the Court shall ensure that Plaintiff's motion for reconsideration (ECF No. 52) is referred to District Judge Calabretta.

8) The Court's Scheduling Order (ECF No. 20) is modified as follows:

   A)  All non-expert discovery shall be completed by **March 23, 2026.**  The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.  Motions to compel non-expert discovery must be noticed on the undersigned's calendar in accordance with the Local Rules and must be heard not later than **March 5, 2026**.

   B)  The parties shall disclose experts and produce reports in accordance with Federal Rule of Civil Procedure 26(a)(2) as follows: expert disclosures on or before **February 6, 2026**; rebuttal expert disclosures on or before **February 27, 2026**.  Expert discovery shall be completed by **March 23, 2026**.

   C)  All motions, except motions for continuances, temporary restraining orders, or other emergency relief, or as to discovery, shall be filed by **April 30, 2026**.  All purely legal issues are to be resolved by timely pretrial motion.  The parties should keep in mind that the purpose of pretrial motions is to narrow and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues that are susceptible to resolution without trial.  To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of

   D)  the evidence gleaned through discovery.  If it appears after examining the legal issues and facts that an issue can be resolved by pretrial motion, the parties are to

11

file the appropriate motion by the cutoff set forth above. The parties are cautioned that failure to raise a dispositive legal issue that could have been tendered to the court by proper pretrial motion prior to the dispositive motion cut-off date may constitute waiver of such issue.

E) Upon resolution of any motions filed by **April 30, 2026**, or upon passing of that deadline if no such motions are filed, the Court will set a Final Pretrial Conference.

**IT IS SO ORDERED.**

DATED: December 22, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE