UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| RADNI GHAFOORI,<br><br>        Plaintiff,<br><br>        v.<br><br>OFFICER DUNCAN, et al.,<br><br>        Defendants. | No.  2:24-cv-03306-DJC-SCR<br><br><br><br>ORDER |

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Before the Court are three motions filed by Plaintiff: (1) a motion for reconsideration regarding e-filing (ECF No. 59), (2) a motion for appointment of counsel (ECF No. 62), and (3) a motion seeking other miscellaneous relief, including a 90-day extension of all deadlines (ECF No. 64).  For the reasons set forth below, the motions are DENIED.

**I.      Motion for Reconsideration (ECF No. 59)**

Plaintiff seeks reconsideration of a portion of the Court's order of December 23, 2025 (ECF No. 58), which denied him permission to participate in electronic filing.  The Court denied the motion pursuant to Local Rule 133(b)(2), but allowed Plaintiff to begin receiving notification of filings via email.  ECF No. 58 at 7-8.

"Motions for reconsideration are disfavored, and they are not to be used to ask the Court

1

to rethink what the court had already thought through." *Flores v. City of Bakersfield*, 2025 WL 2208131, at *1 (E.D. Cal. Aug. 4, 2025) (citation and quotation omitted). Motions for reconsideration are not the place to make new arguments not presented in the original briefs, or to "rehash" arguments previously presented. *Hill v. Newsom*, 2025 WL 1531435, *1 (E.D. Cal. 2025). Generally, reconsideration is appropriate only when controlling law has changed, new evidence has become available, or when necessary to correct a clear error or prevent manifest injustice. *Id.*, citing *Sch. Dist. No. 1J, Multnomah Cnty., Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). In this District, motions for reconsideration also require compliance with Local Rule 230(j)(1-4).

Plaintiff's motion for reconsideration was made only two weeks after the original ruling, and merely asks the Court to rethink that which it had already decided. Plaintiff's motion does not merit reconsideration, and in fact undercuts his argument that e-filing would be appropriate. Plaintiff claims that he "does not currently maintain regular internet or email access." ECF No. 59 at 3. Plaintiff appears to suggest that if granted access to e-filing, then he would get internet access, but his motion represents that he is currently incapable of participating in e-filing.

Plaintiff argues that "[s]ince the denial of Plaintiff's e-filing request, Defendants have successfully sought extensions of time." That is incorrect. The Court denied Plaintiff's motion for e-filing on December 23, 2025. Defendants have not sought extensions of time since then.[1]

Plaintiff argues that allowing him to receive notice via email does not allow him to "view filings in real time." *Id.* But with email registration, Plaintiff receives notice of filings nearly simultaneously with the filing of the document. The Court has already ordered, as follows: "the Clerk of the Court shall configure ECF so that Plaintiff receives ECF notifications in this case at his email address." ECF No. 58 at 11. If Plaintiff is not receiving notice of filings by email, he should contact the Clerk to seek further assistance. Moreover, if Plaintiff wants Defendants to

---

[1] Plaintiff seems to be referring to the Court granting Defendants an extension of time to respond to the First Amended Complaint on December 4, 2025, in order to keep the pleadings in this case orderly. ECF No. 51. Plaintiff was not prejudiced by that extension of time. District Judge Calabretta has now allowed Plaintiff to file a Second Amended Complaint, to which Defendants will have to answer if Plaintiff decides to file such an amended complaint. In short, Plaintiff was not harmed by the Court ruling quickly on Defendants' request.

serve him with their filings by email, he should ask them to do that.

The Court's local rules provide that "any person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." LR 133(b)(2). This Court's local rule recognizes, as do similar local rules in other districts, the difficulties that can ensue for both pro se litigants and Court staff when pro se litigants attempt to use e-filing. *See*, *e.g.*, *Baker v. IC Sys., Inc.*, No. CV-08-8091-PCT-DGC, 2008 WL 4186166, at 1 (D. Ariz. Sept. 9, 2008) (denying motion to e-file and stating the "Court's policy is to require pro se litigants to submit documents in paper form so that the Clerk's Office can insure that the documents are properly filed"). The motion for reconsideration (ECF No. 59) is DENIED.

### II.      Motion for Appointment of Counsel (ECF No. 62)

Plaintiff requests appointment of counsel under 28 U.S.C. § 1915(e)(1). ECF No. 62. Plaintiff contends that the complexity of the claims, number of defendants, and the anticipated dispositive motion practice constitute exceptional circumstances meriting the appointment of counsel. *Id*. at 2. Plaintiff requests that if the motion is denied, it specifically be denied without prejudice and with leave to renew. *Id*. at 5.

"Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Appointment of counsel under § 1915(e)(1) is a matter within the Court's discretion, and counsel may only be appointed in "exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires both an evaluation of the likelihood of success on the merits and the ability of the movant to articulate his claims pro se in light of the complexity of the legal issues involved." *Id*. (citations and quotation omitted).

Plaintiff argues that he has made a sufficient showing of likelihood of success on the merits, or at minimum that his claims are not frivolous. ECF No. 62 at 3-4. The Court agrees that the claims are not frivolous, and the Court directed service of the complaint. ECF No. 5. Additionally, the FAC was screened, and several of the claims were cognizable and sufficiently pled to pass screening. *See* ECF Nos. 42 & 63. Although Plaintiff has stated a claim, no evidence has yet been presented to the Court, thus making a determination of a likelihood of

success on the merits difficult at this point. *See Fernandez v. Duarte*, 2024 WL 3626686, *1 (S.D. Cal. Aug. 1, 2024) (denying a motion for appointment of counsel as "premature and unsupported" where the motion included "no evidentiary support demonstrating a likelihood of success on the merits").

The Court must also consider the complexity of the matter and Plaintiff's ability to articulate his claims. The Court finds Plaintiff has been able to sufficiently present his claims pro se. Plaintiff filed an original and amended complaint and his claims have proceeded beyond screening. Plaintiff has advocated strongly for himself in hearings, participated in discovery, and filed numerous motions. The Court does not find the matter particularly complex. As the Court stated in its original screening order: "It appears the gist of Plaintiff's complaint is that he was allegedly unlawfully detained and subjected to excessive force because he tried to record an interaction with law enforcement." ECF No. 5 at 2.

Plaintiff appears to allege that his choice to add additional claims and Defendants through amendment has now made the matter too complex. "[A] litigant must meet a high bar to show that the legal issues involved are sufficiently complex, and that he is therefore impeded in his ability to present his case." *Siglar v. Hopkins*, 822 F.App'x 610, 612 (9th Cir. 2020). Recently, four of Plaintiff's counts were dismissed without leave to amend, and Defendants City of Turlock, Turlock Police Department, and Chief Hedden were dismissed as to all but Count IX. ECF No. 63 at 2. Thus, to the extent Plaintiff claims the number of claims and parties make the case complex, that concern has been somewhat alleviated. The Court does not find the case sufficiently complex, or that Plaintiff is unable to present his claims.

Plaintiff also argues that appointment of counsel would benefit the Court and promote judicial economy as counsel could assist with discovery and dispositive motion practice. ECF No. 62 at 4. However, discovery and motion practice are a part of most cases. The fact that a pro se litigant would be aided by counsel does not present an exceptional circumstance. *See Siglar*, 822 F.App'x at 612 ("Siglar surely would have been aided by counsel, but if this were the prevailing standard, *pro se* civil litigants would be entitled to counsel in all circumstances, not only exceptional ones."). Plaintiff has not demonstrated that this case presents the exceptional

4

circumstances necessary for the appointment of counsel.

Accordingly, the Court will DENY the motion without prejudice.  Plaintiff may renew the motion after the determination of any dispositive motions that may be filed.

**III.     Motion for Miscellaneous Relief**

On January 28, 2026, Plaintiff filed a motion seeking (1) a written order on his motion to appoint counsel or a prompt status conference on appointment of counsel and case management, and (2) "an equitable ninety day (90-day) extension of all deadlines, including discovery and responsive obligations[.]"  ECF No. 64.  Plaintiff's motion for an order on his motion to appoint counsel is rendered moot by the Court's ruling on that motion.  Plaintiff's motion for a 90-day extension of all deadlines will be denied for the reasons provided below.  However, the Court will *sua sponte* grant Plaintiff a brief extension of time to file a Second Amended Complaint.

The Court has already explained the standard that governs requests to change case management deadlines.  ECF No. 58 at 3.  Under Rule 16, a court's scheduling order "controls the subsequent course of the action" unless modified, and modification prior to the final pretrial conference requires a showing of good cause.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).  Rule 16(b)'s good cause standard "primarily considers the diligence of the party seeking the amendment."  *Id.* at 609.  Although the "existence or degree of prejudice to the party opposing the modification" may be considered, the focus of the inquiry is on the moving party's reasons for seeking modification of the schedule.  *Id.*  "If that party was not diligent, the inquiry should end."  *Id.*

Plaintiff has not attempted to explain how the good cause standard is met under the circumstances of this case.  In particular, Plaintiff has not identified how he has attempted to complete necessary litigation tasks during the period since the Court's December 23, 2025 order setting case management deadlines, whether he has faced obstacles in completing those tasks, and what exactly those obstacles are.

Plaintiff instead complains about an extension that the Court granted Defendants as to a single deadline on December 4, 2025.  That is not relevant to whether there is currently good cause for a lengthy extension of all case management deadlines.  Moreover, the Court carefully

5

considered appropriate deadlines at the hearing on November 20, 2025, at which the Court heard from Plaintiff at length, and in issuing the order setting current deadlines on December 23, 2025. The Court will not alter those deadlines without a showing of good cause.

Plaintiff complains of delay in a ruling on his motion to appoint counsel. The Court understands the frustration of having to wait on rulings, particularly a ruling on the issue of whether counsel will be appointed. However, the mere fact that it took the court approximately a month to rule on a motion that does not directly affect the case management deadlines does not in and of itself constitute good cause for a 90-day extension of those deadlines.

Plaintiff's request for a 90-day extension of all case management deadlines will be denied without prejudice. If Plaintiff believes there is good cause for an extension, he shall first meet and confer with Defendants' counsel to determine whether they will stipulate to an extension. If Defendants will not stipulate, Plaintiff may file a renewed motion for an extension, which must be supported by a showing of good cause.

The Court will *sua sponte* grant Plaintiff until February 20, 2026 to file the Second Amended Complaint allowed by Judge Calabretta's order dated January 9, 2026. ECF No. 63. If Plaintiff files such a Second Amended Complaint, it must be limited to the scope allowed by Judge Calabretta's order. Failure to comply with this deadline will result in the screened First Amended Complaint constituting the operative complaint, with no amendments permitted absent further Court order based on good cause.

**IV.    Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for reconsideration (ECF No. 59) is DENIED.

2. Plaintiff's motion for appointment of counsel (ECF No. 62) is DENIED without prejudice.

3. Plaintiff's motion for a ruling on his motion for appointment of counsel is DENIED as moot and his motion for a 90-day extension of all deadlines (ECF No. 64) is DENIED without prejudice.

////

////

6

4.  Plaintiff is granted until February 20, 2026 to file a Second Amended Complaint under the terms of Judge Calabretta's order dated January 9, 2026.

SO ORDERED.

DATED: February 10, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

7