UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RADNI GHAFOORI,

        Plaintiff,

    v.

OFFICER DUNCAN, et al.,

        Defendants.

No.  2:24-cv-03306-DJC-SCR

ORDER RE: STATUS CONFERENCE AND EXTENDING TIME FOR DISCOVERY

On March 12, 2026, this case was before the undersigned for a status conference concerning the status of the pleadings and for consideration of Plaintiff's motion to extend discovery deadlines.  *See* ECF No. 71.  Plaintiff was represented by Amaris Dordar, and Defendants were represented by Alexander Mahoney.  After hearing from the parties, the Court will GRANT IN PART and DENY IN PART Plaintiff's motion (ECF No. 70), as set forth below.

Plaintiff seeks an extension of time because he had previously been proceeding pro se and only recently obtained counsel, Ms. Dordar.  Ms. Dordar filed a notice of appearance on March 5, 2026, and that same day filed a motion to extend time for discovery.  ECF No. 70.  A court's scheduling order "may be modified for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Here, the current deadline for the completion of all non-expert and expert discovery is March 23, 2026.  ECF No. 58 at 11.  On January 12, 2026, Judge Calabretta granted Plaintiff leave to amend to include a *Monell* theory of liability.  If that claim proceeds, it may require

1

supplemental discovery.  Additionally, as stated in the order setting the status conference (ECF No. 71), Plaintiff attempts to add an additional party and claims in the Second Amended Complaint ("SAC"), seemingly in contravention of Judge Calabretta's Order: "Plaintiff is cautioned that if he adds any additional parties or causes of action not contemplated from this Order, those claims will be stricken."  ECF No. 63 at 2-3.  Thus, the status of the claims at issue is uncertain, and the parties seemingly agree that the undersigned needs to screen the SAC pursuant to 28 U.S.C. § 1915.  The parties requested the opportunity to further brief whether the new party and claims should be stricken, which the Court will allow.  Given the status of the pleadings, and Plaintiff's counsel's recent appearance in this matter, the Court's finds good cause for an extension of discovery deadlines.  The parties are cautioned that as this is the second extension of discovery deadlines, the Court will not be inclined to grant any further extensions in the absence of exceptional circumstances.

The Court will grant the motion and extend the deadlines, but not as to the exact dates sought by Plaintiff, and the Court will deny the request to set Plaintiff's deposition on May 15, 2026.  The parties should endeavor to identify a mutually agreeable date and time for Plaintiff's deposition, and if agreement cannot be reached, Defendants may notice the deposition in accord with Fed. R. Civ. P. 30.

**IT IS HEREBY ORDERED**:

1. The parties may file supplemental briefs to address whether the Court should recommend that Lt. David Hall and Counts III and V be stricken from the Second Amended Complaint.  Such briefs shall be filed no later than **March 19, 2026**, and shall not exceed seven pages.  No further response or reply briefs will be permitted.

2. Plaintiff's motion to extend time for discovery (ECF No. 70) is GRANTED IN PART and DENIED IN PART as set forth herein.

3. The Court's prior Scheduling Orders (ECF Nos. 20 & 58) are modified as follows:

    A)  All non-expert discovery shall be completed by **July 10, 2026.**  The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been

resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.  Motions to compel non-expert discovery must be noticed on the undersigned's calendar in accordance with the Local Rules and must be heard not later than **June 18, 2026**.

B)  The parties shall disclose experts and produce reports in accordance with Federal Rule of Civil Procedure 26(a)(2) as follows: expert disclosures on or before **May 8, 2026**; rebuttal expert disclosures on or before **May 29, 2026**.  Expert discovery shall be completed by **July 10, 2026**.

C)  All motions, except motions for continuances, temporary restraining orders, or other emergency relief, or as to discovery, shall be filed by **August 7, 2026**.  All purely legal issues are to be resolved by timely pretrial motion.  The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues that are susceptible to resolution without trial.  To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence gleaned through discovery.  If it appears after examining the legal issues and facts that an issue can be resolved by pretrial motion, the parties are to file the appropriate motion by the law and motion cutoff set forth above.  The parties are cautioned that failure to raise a dispositive legal issue that could have been tendered to the court by proper pretrial motion prior to the dispositive motion cut-off date may constitute waiver of such issue.

D)  Upon resolution of any motions filed by **August 7, 2026**, or upon passing of that deadline if no such motions are filed, the Court will set a Final Pretrial Conference.

**IT IS SO ORDERED.**

DATED: March 16, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3