UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADNI GHAFOORI,<br>Plaintiff,<br>v.<br>OFFICER DUNCAN, et al.,<br>Defendants. | No. 2:24-cv-03306-DJC-SCR<br><br><u>ORDER</u> |

Plaintiff Radni Ghafoori, a civilian bystander, is suing for alleged civil rights violations that occurred during a 2023 traffic stop in which he attempted to record police activity. This matter is still in the pleadings stage and has been subject to significant litigation. Plaintiff initiated this action pro se but has since acquired counsel. While he was still pro se, this Court provided Plaintiff with a final opportunity to amend his Complaint subject to certain restrictions. Thereafter, Plaintiff's counsel filed the Second Amended Complaint. As explained below, the Court strikes Counts III (Fourteenth Amendment Due Process) and V (Negligence) from the Second Amended Complaint but permits the allegations concerning Lieutenant David Hall. The Court further strikes paragraphs 90–93, 159(c) as they concern previously dismissed allegations from the FAC.

## BACKGROUND

On January 12, 2026, this Court adopted in part Findings and Recommendations issued by the assigned Magistrate Judge and granted Plaintiff leave to amend his Complaint to add a *Monell* theory of liability as to existing claims for which the Magistrate Judge found had potentially stated a cause of action. (ECF No. 63.) In that Order, Plaintiff was warned that "if he adds any additional parties or causes of action not contemplated from this Order, those claims will be stricken." (*Id.* at 2–3.) Thereafter, Plaintiff acquired counsel and filed a Second Amended Complaint adding a new party and two additional claims. (*See* Not. of Appearance (ECF No. 69); Second Amended Compl. ("SAC") (ECF No. 66).) Following a status conference, the assigned Magistrate Judge directed the parties to file supplemental briefing as to whether these additional items should be stricken from the SAC. (ECF No. 72.) The parties filed supplemental briefing on this issue. (Pl.'s Suppl. Br. (ECF No. 74); Def.'s Suppl. Br. (ECF No. 75).)

## DISCUSSION

### I. Legal Standard

Pursuant to Rule 12(f), a district court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In addition, pursuant to Local Rule 110, the "[f]ailure of . . . a party to comply with . . . any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." As the Ninth Circuit has observed, "district courts have inherent power to control their dockets . . . ." *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998) (citation omitted); *see also Beavers v. New Penn Fin. LLC*, Case No. 1:17-cv-00747-JLT, 2018 WL 385421, at *1–2 (E.D. Cal. Jan. 11, 2018) (recounting district court's inherent authority to strike under Rule 12(f) and collecting cases).

Relevant here, to determine "whether or not leave to amend was granted without limitation," the Court must evaluate "the specific language of the prior order."

*Jameson Beach Prop. Owners Ass'n v. United States*, No. 2:13-cv-01025-MCE-AC, 2014 WL 4925253, at *3 (E.D. Cal. Sept. 29, 2014). "When the language of an order clearly states that a plaintiff may only amend to address certain deficiencies identified in the order, courts have held that a plaintiff is barred from adding new claims or parties." *Id.* at *4. Nevertheless, "[e]xceeding the scope of a court's leave to amend is not necessarily sufficient grounds for striking a pleading or portions thereof." *Khan v. K2 Pure Sols., L.P.*, No. 1:17-cv-00747-JLT, 2013 WL 6503345, at *11 (N.D. Cal. Dec. 4, 2013). Rather, "the court may choose not to strike the pleading in the interests of judicial economy, even when a pleading is improperly filed." *Vahora v. Valley Diagnostics Lab'y*, No. 1:16-cv-01624-SKO, 2017 WL 2572440, at *4 (E.D. Cal. Jun. 14, 2017) (cleaned up). This is particularly true "when it does not appear that any of the parties will be prejudiced by allowing the change." *Id.* (citation omitted).

## II. Analysis

### A. Lt. David Hall

As to the addition of Lt. David Hall, Plaintiff's SAC reasonably complies with the limited amendment the Court previously provided in the Order adopting whereby Plaintiff was authorized to amend his Complaint to add a *Monell* theory of liability. (Order Adopting (ECF No. 63).) While the language of Order also stated that if Plaintiff "adds any additional parties or causes of action not contemplated from this Order, those claims will be stricken[,]" the Court concludes that the addition of Lt. David Hall and the supporting factual allegations, (SAC ¶¶ 12, 49–51, 98–99), assist in stating a supervisory claim under *Monell*. Because the Court permitted amendment on this basis, the addition of Lt. David Hall is contemplated by the Order.

### B. Counts III and V

Plaintiff agrees, however, that Count V for a negligence claim does not comply with the Court's prior Order, therefore, Count V is stricken from the SAC. As to the remaining new claim – Count III – alleging a Fourteenth Amendment due process violation, Plaintiff contends that these allegations are also essential to a *Monell* claim.

(Pl.'s Suppl. Br. at 5–6.) Alternatively, Plaintiff requests that Count III be folded into Count II for a malicious prosecution claim.

Plaintiff was granted leave to plead a *Monell* claim "as to other claims for which the Magistrate Judge has found potentially states a cause of action." (Order Adopting at 6.) The Magistrate Judge identified that the following claims passed screening:

1. First Amendment: Unlawful Prior Restraint;
2. Fourth Amendment: Unlawful Arrest, Excessive Force, and Unlawful Seizure;
3. Fourth Amendment: Malicious Prosecution under 42 U.S.C. § 1983; and
4. the Bane Act.

(*See* Findings and Recommendations ("F&R") (ECF No. 42).) Specifically, the Magistrate Judge recommended – and this Court adopted – dismissal without leave to amend of the section 1983 Fourteenth Amendment Due Process Claim and First Amendment claim concerning body-worn cameras. Some of the allegations in Count III are an attempt to re-plead these same allegations that were previously dismissed. (Compare SAC ¶¶ 151, 159(c) with FAC ¶¶ 27, 32, 33, 40.) To the extent Plaintiff is trying to plead a substantive due process Fourteenth Amendment claim for the alleged "evidence-integrity failures" he identifies, "no substantive due process right exists under the Fourteenth Amendment to be free from prosecution without probable cause." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1069 (9th Cir. 2004) (citing *Albright v. Oliver*, 510 U.S. 266 (1994)). To the extent Plaintiff attempts to assert a procedural due process claim under the Fourteenth Amendment through section 1983, such a claim is cognizable when a person "omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Murguia v. Langdon*, 61 F.4th 1096, 1107 (9th Cir. 2023) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).) As the Magistrate Judge correctly identified, there is no constitutional duty to use any particular investigatory tool, such as a body worn camera, to collect evidence. (*See* F&R at 5 (reviewing case law).)

As to Plaintiff's assertion that certain allegations in Count III are necessary to plead causation under *Monell*, (Pl.'s Suppl. Br. at 6), the Court disagrees. Most of the allegations in Count III are duplicative of Count II or pleaded elsewhere in the SAC. While a portion of paragraph 151 may assist in alleging causation with respect to individual defendants, it does not do so for purposes of *Monell*. Paragraph 151 states in relevant part, "Defendants suppressed exculpatory evidence by . . . [f]ailing to preserve the post-arrest telephone call between Defendant Duncan and Plaintiff despite preservation demands[.]" (*See* SAC ¶ 151.) This interaction between Officer Duncan and Plaintiff was alleged earlier in the SAC at paragraphs 52–57, and although this additional clause may give some further detail to the alleged malicious prosecution claim, it does not explain how the alleged suppression was *caused by* a City policy or custom. To establish liability against the City or a defendant in his official capacity, "a plaintiff must show that a government policy or custom served as the moving force for the deprivation of a federal or constitutional right." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694—95 (1978). The allegations in Count III do not materially assist Plaintiff in establishing liability under *Monell*. Accordingly, the allegations in Count III will be stricken. Further, paragraphs 90–93 and 159(c) of the SAC will also be stricken as they concern body-worn cameras.

The Court further finds that permitting additional claims at this stage would prejudice Defendants. A scheduling order was previously issued in this case and modified multiple times (*see* ECF No. 73), and will be superseded by what the Court anticipates will be a <u>final</u> scheduling order as provided in ECF No. 81. And as Defendants observe, "Plaintiff's SAC is the result of five motions for leave to amend, objections to the Court's screening order, and over a year of litigation." (Defs.' Suppl. Br. at 4.) Thus, while the case is still in the early stages, it has been unable to move forward because of extensive litigation on Plaintiff's part. Accordingly, as modified by the terms of this Order, the SAC will remain the operative complaint.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The allegations regarding Lieutenant Hall will remain in the Second Amended Complaint;
2. Counts III, V, and paragraphs 90–93, 159(c) will be STRICKEN from the Second Amended Complaint; and
3. Defendants are ORDERED to answer or otherwise respond to Plaintiff's Second Amended Complaint within fourteen (14) days after the date of this Order. The parties shall file a joint status report pursuant to this Court's Initial Case Management Order, within fourteen (14) days thereafter.

IT IS SO ORDERED.

Dated: **July 24, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE